**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTHFIELD CAPITAL, LP, | No. 24-cv-6269 |
| Petitioner, | |
| v. | |
| STONINGTON CAPITAL ADVISORS, LLC and STONINGTON DRIVE SECURITIES LLC, | **PETITION TO CONFIRM** |
| Respondents. | **ARBITRATION AWARD** |

   Pursuant to N.Y. C.P.L.R. §§ 7510 and 7514 and/or 9 U.S.C. §§ 9 and 13, Petitioner

Southfield Capital, LP ("Southfield") respectfully submits this Petition to confirm the Award of

Arbitrator dated August 24, 2023 ("Award") and for the issuance of judgment thereupon.

<u>**JURISDICTION AND VENUE**</u>

   1.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a),

because the Petition seeks to confirm an arbitral award that resolved disputes between the parties

exceeding the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

Connecticut and New Jersey, respectively.  Southfield is a limited partnership whose sole limited

partner is a citizen and resident of Connecticut, Respondent Stonington Drive Securities LLC

("Stonington Securities") is wholly-owned by Stonington Capital Advisors, LLC ("Stonington

Capital" and, together with Stonington Securities, "Stonington"), and Stonington Capital's

member is a citizen and resident of New Jersey.

   2.  Venue is appropriate in this District pursuant to 9 U.S.C. § 9, because the Award

was made in New York, New York, and 28 U.S.C. § 1391, because Respondents are subject to

the Court's personal jurisdiction.  *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir.

1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal

jurisdiction but also to venue of the courts within that jurisdiction.").

## PARTIES

3.      Southfield, a Delaware limited partnership with its principal offices in Connecticut, is a private equity firm that invests in lower-middle market companies with growth potential.  Southfield was the claimant in the arbitration captioned *Southfield Capital, LP v. Stonington Capital Advisors, LLC*, Case No. 01-21-0018-1130 ("Second Arbitration") that was administered by the American Arbitration Association ("AAA") for which Marilyn Kunstler, Esq. served as the sole arbitrator.

4.      Stonington Capital is a Delaware limited liability company with its principal offices in New Jersey.  Stonington Capital was the respondent and a counter-claimant in the Second Arbitration.

5.      Stonington Securities is a Delaware limited liability company that is a registered broker-dealer with the U.S. Securities and Exchange Commission and a member-firm of the Financial Industry Regulatory Authority, with its principal offices in New Jersey.  Stonington Securities was a counter-claimant in the Second Arbitration.

## FACTS AND PROCEDURAL HISTORY

6.      Southfield and Stonington Capital are parties to a Placement Agent Agreement dated June 20, 2014 ("Agreement").  Southfield retained Stonington Capital to help raise capital for a private equity fund known as Southfield Capital II, L.P. ("Fund II").

7.      The Agreement terminated, by its terms, after Fund II's final close in July 2017. On December 7, 2017, Southfield sent Stonington a written notice terminating the Agreement. Issues later arose among the parties, including whether the Agreement's termination was proper.

8.      Pursuant to Section 14 of the Agreement, Southfield, Stonington Capital, and non-

party Profor Securities, LLC ("Profor")[1] agreed that any disputes between the parties relating to the Agreement were to be governed, construed, and interpreted in accordance with New York law and submitted to binding arbitration in accordance with the AAA rules.

9.      The Agreement was the subject of an arbitration between the parties that was administered by the AAA for which the Hon. Jonathan Lippman, former Chief Judge of the New York Court of Appeals, served as the sole arbitrator ("First Arbitration").

10.     In the First Arbitration, an award was issued on May 26, 2020 ("May 2020 Award") holding the Agreement was properly terminated, among other things, which this Court confirmed on March 25, 2021. *See Stonington Cap. Advisors, LLC v. Southfield Cap., LLC*, No. 20 CIV. 6053 (ER), 2021 WL 1168237 (S.D.N.Y. Mar. 25, 2021).

11.     Following the May 2020 Award and its confirmation proceedings, further disputes arose among the parties regarding, *inter alia*, implementation of the May 2020 Award.

12.     On December 22, 2021, Southfield commenced the Second Arbitration and filed an Amended Demand for Arbitration on April 8, 2022 ("Amended Demand").[2] The two-count Amended Demand asserts claims for declaratory relief and breach of contract based on Stonington's breach of the Agreement's confidentiality provisions. In particular, Southfield sought a declaration *inter alia* that: (a) Stonington is not entitled to fees for investments made by investors in co-investment vehicles for Fund II; (b) Southfield overpaid Stonington "re-up fees" based on investments by investors in Fund II that also invested in Southfield Capital III, L.P.

---

[1]  On August 28, 2017, Stonington Capital, Stonington Securities, and Profor executed an Assignment Agreement, pursuant to which Profor assigned its rights under the Agreement to Stonington Securities. (Award, at 4.)

[2]  During the course of the Second Arbitration, Southfield Capital, LLC, which initiated the arbitration as the Claimant, converted from a Delaware limited liability company to a Delaware limited partnership and, by agreement of the parties, the caption was updated to reflect that change. (Award, at 1 n.1.)

("Fund III"); and (c) Stonington is not entitled to fees for investments made by investors in the Protos Annex Fund, LP ("Protos Annex Fund") and Southfield is not obligated to provide information to Stonington concerning investors in the Protos Annex Fund.

13.    Stonington Capital filed its Objection to Jurisdiction and Answer to Amended Demand on April 22, 2022.  On September 19, 2022, Stonington Capital added Stonington Securities as a third-party claimant and together they filed the Second Amended Counterclaim and Third-Party Demand for Arbitration.  In its three-count pleading, Stonington brought breach of contract claims seeking over $4.1 million in damages for:  (a) fees for investments in co-investment vehicles made by qualifying investors in Fund II; (b) fees for investments in the Protos Annex Fund; and (c) the remaining payments due on re-up fees.

14.    After the Second Arbitration was commenced, Stonington filed a motion on January 24, 2022 in this Court before Judge Ramos to enforce the May 2020 Award and Judge Ramos's March 25, 2021 Judgment, and to challenge Southfield's claims in the Second Arbitration.  *See Stonington Cap. Advisors, LLC v. Southfield Cap., LLC*, No. 20 CIV. 6053 (ER), ECF 29 (S.D.N.Y.).

15.    In the course of that proceeding, Stonington filed certain documents in the public federal court files that Southfield argued were confidential and should have been filed under seal. Judge Ramos subsequently agreed to seal the documents.  *Stonington Cap. Advisors, LLC v. Southfield Cap., LLC*, No. 20 CIV. 6053 (ER), ECF 70 (S.D.N.Y. Mar. 28, 2022) (order granting motion to seal).

16.    On August 1, 2022, Judge Ramos issued an Opinion and Order denying Stonington's motion to enforce, holding that the issues raised by Stonington were subject to arbitration, and dismissing the federal action.  *Stonington Cap. Advisors, LLC v. Southfield Cap.,*

4

*LLC*, No. 20 CIV. 6053 (ER), ECF 96 (S.D.N.Y. Aug. 1, 2022).

17.     Thereafter, the parties' Second Arbitration proceeded.  In the Second Arbitration, an evidentiary hearing was held over seven days, with closing arguments delivered on the eighth hearing day, and included numerous exhibits, expert reports, and other submissions, including pre-hearing briefs.  The Arbitrator declared the matter closed as of June 28, 2023, the date she received the final hearing transcript.  Pursuant to AAA Rules and with the parties' agreement, the Arbitrator requested a four-week extension, until August 25, 2023, to render the award.

18.     On August 24, 2023, the Arbitrator issued the twenty-seven page, single-spaced Award resolving the parties' claims, counterclaims, and third-party claims.

19.     The Award was delivered to the parties by the AAA by email on August 25, 2023.

20.     As to the parties' claims concerning co-investment fees, the Arbitrator ruled in Southfield's favor, declaring that Stonington is not entitled to fees for investments in Fund II's co-investment vehicles.  (Award, at 2, 17.)

21.     As to the parties' claims concerning the Protos Annex Fund, the Arbitrator ruled in Southfield's favor, declaring that Stonington is not entitled to fees for investments in the Protos Annex Fund.  (*Id.* at 2, 17.)  The Arbitrator also declared that Southfield did not have to comply with Stonington's request for documents and information concerning the Protos Annex Fund.  (*Id.* at 17 n.9.)

22.     As to the parties' claims concerning re-up fees, the Arbitrator held that the Agreement's relevant language was ambiguous and "subject to more than one reasonable interpretation."  (*Id.* at 19.)  The Arbitrator held that Stonington was due the remaining, unpaid re-up fees.  (*Id.* at 23.)  Southfield has paid those amounts with interest.

23.     As to Southfield's claim based on Stonington's breach of the Agreement's

confidentiality provisions, the Arbitrator held that Stonington "breached the plain language of the confidentiality provisions of the Agreement." (*Id.* at 2.)  The Arbitrator awarded nominal damages of $1.00 to Southfield for Stonington's breach of the confidentiality provisions.  (*Id.* at 25.)  Stonington has paid those damages.

24.     To date, Stonington has not sought to vacate or otherwise challenge the Award, including but not limited to the declarations made by the Arbitrator.  The time in which Stonington would have needed to move to vacate or modify the Award has long passed.

25.     No grounds exist to refuse confirmation of the Award under the New York Arbitration Act or the Federal Arbitration Act.

26.     Attached as exhibits to the accompanying declaration of Jill M. O'Toole are true and correct copies of the Agreement and Award, in redacted form as Exhibits 1 and 2, and the Notice of Appointment and parties' consent to the Arbitrator's request for an extension of time for the Award's issuance, as Exhibits 3 and 4, respectively.

**<u>RELIEF REQUESTED</u>**

Southfield respectfully requests that this Court enter an order confirming the Award in its entirety and enter judgment based on the Award, together with such other relief as this Court deems appropriate.

Dated:  August 20, 2024
        Bedford Hills, NY

                                        Respectfully submitted,

                                        By: /s/ *Jill M. O'Toole*
                                            Jill M. O'Toole
                                            O'Toole + O'Toole PLLC
                                            2 Depot Plaza, Suite 2E
                                            Bedford Hills, NY 10507
                                            Tel.: 860.519.5813
                                            Fax: 914.232.1599
                                            jotoole@otoolegroup.com
                                            *Attorneys for Respondent Southfield Capital LP*