```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
SOUTHFIELD CAPITAL, LP,

                Petitioner,

-against-

STONINGTON CAPITAL ADVISORS, LLC and
STONINGTON DRIVE SECURITIES LLC,

                Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/8/2024  
```

24 Civ. 6269 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Southfield Capital, LP ("Southfield"), moves to seal or redact certain exhibits filed in connection with its petition to confirm an arbitration award (the "Award") against Respondents, Stonington Capital Advisors, LLC and Stonington Drive Securities LLC (together, "Stonington"). ECF No. 18; Mem., ECF No. 19. For the reasons stated below, the motion is DENIED.

## BACKGROUND

    Southfield commenced this action to confirm the Award, which arises out of a "Placement Agent Agreement" (the "Agreement"). *See generally* ECF Nos. 1, 3. Under the Agreement, Southfield retained Stonington to act as a "placement agent to help raise capital for a private equity fund." Mem. at 1; *see* Agreement, ECF No. 18-2 ¶ 14. As relevant here, the Agreement contained a confidentiality provision requiring Stonington to "keep in strict confidence the all [sic] information (including proprietary and non-public information) related to [Southfield] or any of its Affiliates, the Fund or the Investors . . . provided to [Stonington] under the terms of th[e] Agreement or otherwise." Agreement ¶ 11. The confidentiality provision forbids Stonington from using the confidential information "for any purposes other than those pursuant to the terms of th[e] Agreement" and disclosing the information "without the prior written consent of [Southfield]." *Id.*

In support of its petition to confirm the Award, Southfield seeks to file a partially redacted copy of the Agreement, a fully redacted copy of the Award, and fully redacted excerpts of the arbitration proceedings. *See* ECF Nos. 18-2 to -4, 19; *see also* ECF Nos. 4-2 to -3. Southfield has also filed an unredacted statement of material facts, which discusses many of the materials it seeks to file under seal. *See* SOF, ECF No. 17. Stonington has not appeared in this action.

## DISCUSSION

I.   Legal Standard

The public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption of public access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The party moving to seal or redact documents "bears the burden of showing that higher values overcome the presumption of public access." *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, No. 24 Misc. 269, 2024 WL 4169353, at *2 (S.D.N.Y. Sept. 12, 2024) (quoting *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024)).

The Court must first determine whether the relevant material constitutes a "judicial document," that is, a document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Southfield does not dispute that the materials it seeks to have sealed or redacted are judicial documents. *See* Mem. at 3–4; *see also Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023) ("[A]n arbitration award attached to a petition to confirm that award is ordinarily a judicial document.")

Second, the Court must "determine the weight of the presumption of access to th[e] document." *Stafford*, 78 F.4th at 70 (quotation omitted).  Courts treat petitions to confirm arbitration awards as motions for summary judgment, *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006), and "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches," *Lugosch*, 435 F.3d at 121.  Such documents "should not remain under seal *absent the most compelling reasons*." *Id.* at 123 (quotation omitted).  They may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124 (citation omitted).  Accordingly, the Court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citation omitted).

II. <u>Analysis</u>

Southfield argues that two "higher values" justify its sealing request. *Lugosch*, 435 F.3d at 124 (citation omitted); *see* Mem. at 4–7.  First, Southfield contends that the parties have an interest in maintaining the arbitration proceedings confidential *in their entirety*. *See* Mem. at 4–5.  In support of that interest, Southfield points to the Agreement itself, as well as the arbitrator's understanding that "the totality of the arbitration proceedings were confidential." *Id.*  Neither substantiates the sweeping interest in confidentiality that Southfield describes.  Southfield has not established that the Agreement requires the Award or the arbitration hearings to be confidential.  By its express terms, the Agreement's confidentiality provision prohibits Respondents from using information related to Southfield and its clients and affiliates without Southfield's prior written consent.  Agreement ¶ 11.  The provision says nothing of how Southfield may use such information, nor does it touch on any arbitration proceeding.  Although the Court acknowledges the arbitrator's general statements

3

suggesting that the arbitration was confidential, ECF No. 20-3 at 2731:13–2732:3, Southfield has pointed to no evidence that the arbitrator based those statements on a binding interpretation of the Agreement or a "particularized finding that disclosure of the information could cause harm," *Lohnn v. Int'l Bus. Machs. Corp.*, No. 21 Civ. 6379, 2022 WL 36420, at *14 (S.D.N.Y. Jan. 4, 2022); *see also SEC v. Ahmed*, No. 15 Civ. 675, 2020 WL 4333570, at *3 n.3 (D. Conn. July 28, 2020) (finding the mere "confidentiality of . . . documents in related arbitration proceedings" insufficient to justify sealing the documents in a petition to confirm an arbitration award).[1] Without more, Southfield does not meet its burden to establish a sweeping confidentiality interest sufficient to justify sealing the entirety of the Award or the transcripts of the arbitration proceedings.

Second, Southfield contends that its proposed redactions will protect "information about Southfield's investors and prospective investors, the amounts of their investments, Fund II, Fund III, the Protos Annex Fund, and Southfield's investment strategy." Mem. at 5–8. Disclosure of such details, Southfield argues, would expose sensitive proprietary information and valuable trade secrets, harm Southfield's business, and give an unfair advantage to its competitors. *Id.* at 5–6. Even assuming that these "higher values" overcome the strong presumption of public access applicable here, *see Lugosch*, 435 F.3d at 121, the redactions Southfield proposes go far beyond protecting such information. As stated, Southfield seeks to redact the entirety of the Award, including lengthy portions that do not reveal sensitive or proprietary information about its investors, prospective investors, investment strategies, or the various funds discussed above.

---

[1] Southfield points to the Second Circuit's statement that "[c]onfidentiality is 'a paradigmatic aspect of arbitration'" to suggest that all arbitration proceedings are inherently confidential. *Stafford*, 78 F.4th at 71 (quoting *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). That statement, however, referred to the importance of "rigorously enforc[ing] arbitration agreements according to their terms" where such terms include confidentiality provisions. *Id.* (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). As discussed above, Southfield has not established that the parties agreed the arbitration proceedings would be confidential. Further, the *Stafford* Court emphasized that the presumption of public access was "weaker" in that case "because the petition to confirm the award was moot," and the party opposing the sealing motion did so for the improper purpose of "evad[ing] the confidentiality provision to which [she] agreed in her arbitration agreement." *Id.* at 70–71. Here, the materials filed in support of Southfield's petition have a strong presumption of judicial access and there is no issue of improper motive by either party.

Nor are Southfield's proposed redactions consistent with its sweeping claim of confidentiality. The redactions cover portions of the Award that quote from and discuss the Agreement's confidentiality provision, while Southfield's sealing motion—filed on the public docket—quotes from and discusses the same provision at length. *Compare* Mem. at 4, *with* ECF No. 18-3. Southfield also seeks to redact the arbitrator's ultimate findings and conclusions, even as it details those findings and conclusions in its statement of material facts—also filed on the public docket. *Compare* SOF ¶ 14, *with* ECF No. 18-3. Finally, both Southfield's sealing motion and its statement of material facts summarize the background of the parties' Agreement and their disputes— information which Southfield seeks to redact within the Award itself. *See generally* Mem. at 1–2; ECF Nos. 17, 18-3. It necessarily follows that any order granting Southfield's motion would run afoul of *Lugosch*'s narrow-tailoring requirement. *See* 435 F.3d at 124.

## CONCLUSION

For the reasons stated above, the Court DENIES Southfield's motion without prejudice. By **December 9, 2024**, Southfield shall renew its motion with narrower proposed redactions consistent with this order. If Southfield fails to renew its motion by that date, the Court shall direct the Clerk of Court to unseal the exhibits at ECF No. 20.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: November 8, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge