```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/16/2024_
```

SOUTHFIELD CAPITAL, LP,

           Petitioner,

-against-

STONINGTON CAPITAL ADVISORS, LLC
and STONINGTON DRIVE SECURITIES LLC,

           Respondents.

24 Civ. 6269 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Southfield Capital, LP ("Southfield"), brings this petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") against Respondents, Stonington Capital Advisors, LLC ("Stonington Capital") and Stonington Drive Securities LLC (collectively, "Stonington"). *See generally* Pet., ECF No. 1; *see also* Award, ECF No. 23-3. Stonington has not appeared in this action. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

    Southfield and Stonington Capital entered into a Placement Agent Agreement (the "Agreement") on June 20, 2014. Pet'r 56.1 ¶ 1, ECF No. 17. The Agreement included a provision requiring arbitration of any disputes relating to the Agreement in accordance with the rules of the American Arbitration Association. *Id.* ¶ 2.

    On December 22, 2021, Southfield commenced an arbitration action against Stonington Capital. *Id.* ¶ 3. By amended demand filed on April 8, 2022, Southfield sought a declaration that (a) Stonington Capital is not entitled to fees for investments made by investors in co-investment vehicles for a private equity fund known as Southfield Capital II, L.P. ("Fund II"); (b) Southfield overpaid Stonington Capital "re-up fees" based on investments by investors in Fund II that also invested in Southfield Capital III, L.P.; and (c) Stonington Capital is not entitled to fees for investments made by investors in the Protos Annex Fund, LP (the "Protos Annex Fund"), and Southfield is not obligated to provide information to Stonington Capital concerning investors in the Protos Annex Fund. *Id.* ¶ 7.

    On September 19, 2022, Stonington Capital added Stonington Drive Securities LLC to the arbitration as a third-party claimant, and together, they filed a counterclaim and third-party demand for arbitration. *Id.* ¶ 9. Stonington sought damages for (a) fees for investments in co-investment vehicles made by qualifying investors in Fund II; (b) fees for investments in the Protos Annex Fund; and (c) the remaining payments due on re-up fees. *Id.*

On August 24, 2023, following an eight-day hearing, the arbitrator appointed to decide the parties' dispute issued the Award, resolving the parties' claims, counterclaims, and third-party claims. *Id.* ¶ 13; *see generally* Award. The arbitrator ruled that Stonington is not entitled to fees for investments in Fund II's co-investment vehicles; Stonington is not entitled to fees for investments in the Protos Annex Fund; Southfield is not obligated to provide Stonington the information Stonington requested about the Protos Annex Fund; Stonington is entitled to damages of $484,500, plus interest, for the unpaid re-up fees; Stonington breached the Agreement's confidentiality provisions, entitling Southfield to nominal damages of $1.00; and Stonington is not entitled to an award of attorney's fees as a matter of law or under the Agreement. *See* Award at 2, 17 n.9, 23, 25, 27.

Following the issuance of the Award, Southfield paid Stonington the unpaid re-up fees with interest, and Stonington paid Southfield $1.00 in nominal damages. Pet'r 56.1 ¶ 15.

On August 20, 2024, Southfield filed the instant petition. *See* Pet. On October 9, 2024, Southfield moved to seal certain documents submitted in connection with its petition. ECF Nos. 18–20. By order dated November 8, 2024, the Court denied Southfield's sealing motion without prejudice and directed Southfield to "renew its motion with narrower proposed redactions consistent with [the Court's] order." ECF No. 22 at 5. On December 9, 2024, Southfield renewed its motion to seal, filing on the public docket narrowly redacted copies of the Agreement, Award, and arbitration hearing transcripts, as well as sealed, unredacted copies of the same. ECF Nos. 23, 25; *see also* ECF No. 24.

## DISCUSSION

I. <u>Legal Standard</u>

Arbitration awards are not self-enforcing; they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (citation omitted). Under the FAA, any party to an arbitration proceeding can apply for a judicial decree confirming the award. 9 U.S.C. § 9. A court must confirm the award unless it "was procured by corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrator[];" the arbitrator exhibited "misconduct" that "prejudiced" a party; the arbitrator "exceeded [his] powers;" or there was "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." *Id.* §§ 10–11.

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Confirmation of an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Stonington has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

II. Analysis

Southfield argues that it is entitled to confirmation of the Award. Pet.; ECF No. 4. The Court agrees.

Southfield has carried its burden to demonstrate that there is no genuine dispute of material fact regarding the validity of the arbitration award. The Award provides far more than a "barely colorable justification for the outcome reached," *D.H. Blair*, 462 F.3d at 110 (citation omitted), and none of the reasons for vacating or modifying the award under 9 U.S.C. § 10 or § 11 apply. It is also clear that the Agreement compelled the parties to arbitrate disputes arising out of their relationship. Agreement ¶ 14, ECF No. 23-2. Accordingly, the Court confirms the Award.[1]

**CONCLUSION**

For the foregoing reasons, Southfield's petition to confirm the Award is GRANTED. By **January 6, 2025**, Southfield shall file a proposed judgment and any supporting documentation for the Court's consideration.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated: December 16, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Because Southfield's updated redactions are consistent with the Court's November 8, 2024 order, its renewed motion to seal, ECF No. 23, is GRANTED.